USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/15/10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PRO SE OFFICE
AC

-----------------------------------------------------------------

JEROMI H. BAZUAYE
           Plaintiff,

                                  Case No. 10 Civ. 1362

    v.

ALAN L. PAGE, IMMIGRATION JUDGE, Individually,
DEPORTATION OFFICER GARAFFA, Individually,
DEPORTATION OFFICER ACHILLES SHINAS, Individually,
UNKNOWN STAFF ATTORNEY, Individually,
SECURITY OFFICER BARRINGTON, Individually,
           Defendants

-----------------------------------------------------------------

## AMENDED COMPLAINT

1. This is a civil action for damages brought pursuant to the United States Constitution, privileges, immunities, Statutes and Regulations resulting from deprivations, under color of federal law, of Plaintiffs rights under the fourth, fifth, six and eight amendments to the United States Constitution. This amended complaint is filed pursuant to Rule 15(a) and (c) of the Federal Rules of Civil Procedure.

2. This Court has jurisdiction over these claims pursuant to article III, section 1 of the Constitution and 28 U.S.C. 1331, 1343 and Bevins v. Unknown Federal Narcotics Agents, 403 U.S. 388 (1979).

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------

JEROMI H. BAZUAYE
        Plaintiff,

                                  Case No. 10 Civ. 1362

    v.

ALAN L. PAGE, IMMIGRATION JUDGE, Individually,
DEPORTATION OFFICER GARAFFA, Individually,
DEPORTATION OFFICER ACHILLES SHINAS, Individually,
UNKNOWN STAFF ATTORNEY, Individually,
SECURITY OFFICER BARRINGTON, Individually,
                Defendants

---------------------------------------------------------------------

## NOTICE OF AMENDED COMPLAINT

Please take notice, that enclosed is a copy of the amended complaint filed in the action as a matter of course, pursuant to Rule 15(a) and (c) Federal Rules of Civil Procedure.

Dated: _March 15, 2010_

                                      Jeromi H. Bazuaye
                                      110 Wells Farm Rd
                                      Goshen, NY 10924

1

3. Venue is properly established in this judicial district pursuant to 28 U.S.C. 1391.

## PARTIES

4. The Plaintiff is a citizen of Nigeria and a Lawful Permanent Resident. He is currently in the custody of Immigration and Customs Enforcement (ICE) at Orange County Jail, 110 Wells Farm Rd, NY 10924.

5. Alan L. Page, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an Immigration Judge of the United States Department of Justice, Executive Office for Immigration Review, Office of the Immigration Judge. The acts of Defendant Alan L. Page which are the subject of this lawsuit were undertaken in the regular course of his official duty. He is sued individually. He is not sued based on any judicial act or decision made as part of his adjudicative duty. Upon information and belief, Defendant Alan L. Page's office is located at 201 Varick Street, Room 1140, New York, NY 10014.

6. Unknown Staff Attorney, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an attorney of the Department of Homeland Security (DHS), Litigation unit. The acts of Defendant Unknown Staff Attorney which are the subject of this lawsuit were undertaken in the regular course of her official duty. She is sued individually. Upon information and belief, Unknown Department of

3

the United State Court of Appeals for The Second Circuit (Second Circuit) for review of BIA final order of removal.

12. In or around the summer of 2006, Plaintiff filed an administrative complaint against Defendant Alan L. Page with the United States Department of Justice Office of Professional Responsibility for not disclosing to his attorney evidence submitted to Defendant Page by the New York State Parole Board on or about December 2005, which indicated that Plaintiff's 1999 parole revocation for a period of four months was changed to revoke and restore by the New York State Parole Board Appellate Unit.

13. The evidence referred to paragraph 12 supported Plaintiff's position that his prior release from New York State Correctional facility for technical parole violation on or about August 1999, did not constituted a release from criminal custody as required by 8 U.S.C. § 1226(c) in order to subject him to mandatory detention on November, 2005, because his initial release on parole from sentence of his 1997 State conviction took place before the Transition Period Custody Rules (TPCR) expired on October 9, 1998. In re west, 22 I.& N. Dec. 1405 (B.I.A 2000).

14. On February 12, 2007, Plaintiff's mandatory detention which commenced on November 5, 2005, pending final order of removal pursuant to 8 U.S.C. § 1226 (c) terminated under the dictates of United States Supreme Court decision in Demore v. Kim, 538 U.S. 510, 528-30 (2003).

6

Plaintiff's second mandatory detention following his post-final-removal-order for at least a removal period of 90 day expired on May 12, 2007, pursuant to 8 U.S.C. § 1231(a)(2).

15. On May 25, 2007, Mr. Christopher Shanahan, New York District Field Director released Plaintiff from custody upon supervised release pursuant to 8 U.S.C. 1231(a)(3); 8 C.F.R. §§ 241.13, after considering factors set forth in 8 C.F.R. § 241.4(e) and (f), and because his mandatory detention was no longer authorize by any statute. 8 U.S.C. § 1231(a)(6). See Exhibits A and B.

16. The ICE Release Notification letter provided that he was released pending his removal from United States if the Courts final determination is to have him removed from United States. He will at that time, be given an opportunity to prepare for an orderly departure. In addition, the release notification states the Plaintiff's release may be revoke and taken back into custody, if he violates one or more conditions of his release. See 8 C.F.R § 241.4(L). Reprinted in Exhibit C. Plaintiff reported to the ICE on regular basis as required by the of his order of supervision.

17. The Second Circuit vacated BIA's final order of removal in a summary order dated April 11, 2008 and remanded Plaintiff's case to the BIA with instruction for the BIA to expressly make specific legal determinations, and not for de novo proceedings before the immigration court. Bazuaye

v Mukasey, 273 Fed. Appx. 77; 2008 US App LEXIS 7857 (2nd Cir. 2008). See Exhibit D.

18. On March 9, 2009, the BIA issued an order and remanded Plaintiff's case before immigration court for fact finding including submission of additional evidence, in clear violation of the Second Circuit remand order. See Exhibit E; Johnson v. Ashcroft, 378 F.3d 164 (2nd Cir. 2004).

19. On July 20, 2008, Plaintiff appeared before the Defendant Alan L. Page at the immigration court at 201 Varick Street, Room 1140, New York, NY 10014. Defendant Page continued the proceedings until November 18, 2009.

20. Subsequent to July 20, 2008 proceeding, Defendant Alan L. Page with intent to retaliate against Plaintiff for filing administrative complaint referred to in paragraph 11 against him conspired with other defendants in this suit and other unknown persons to unlawfully arrest and incarcerate Plaintiff under the pretense of mandatory detention pursuant to 8 U.S.C. § 1226(c) and to deprive him of freedom from detention as protected by the terms of his supervise released under to 8 U.S.C. 1231(a)(3), in blatant violation of 8 CFR §§ 236.1(9) and (11) and 8 CFR § 241.4(L).

21. Subsequent to July 20, 2008 proceeding, Defendant Page with intent to retaliate against Plaintiff for having successfully petitioned the Second Circuit to vacate the order of removal entered against him, Defendant Page conspired with other defendants in this suit and other unknown persons

8

Defendant Garaffa told Plaintiff that Defendant Unknown Staff Attorney told him to take Plaintiff into custody. See Exhibit F.

24. DHS filed additional charge of removal against Plaintiff' based on his 2005 federal conviction on the ground that it constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i). This information was available to ICE on November 5, 2005, when Plaintiff was taken into custody at the time of his original mandatory detention proceedings under 8 § 1226(c) proceedings in 2005-2006. Puello v. Bureau of Citizenship and Immigration Service, 511 F. 3d 324, 332 (2nd Cir. 2007).

25. Later, Plaintiff was brought into the courtroom on chains that encircled this waist and handcuffs on his hands. Plaintiff told Defendant Page that it was legally erroneous for Defendants to detain him under purported 8 U.S.C. § 1226(c) again, after having been subjected to mandatory detention for a period of 19 months between November 5, 2005, to May 25, 2007, and that based on the Second Circuit decision dated April 11, 2008, he was not deportable because his 1997 New York state conviction for grand larceny did not make him removable as it was not neither an aggravated felony nor a CMIT. In addition, he was not been release from any criminal custody as required by Section 1226(c). Instead, he was release on supervised release by ICE on May 25, 2007. Bah v. Cangemi, 489 F. Supp.2d 905, 921-24 (DCMN 2007); Farez-

Espinosa v. Chertoff, 600 F.Supp.2d 488; 503 (SDNY Sept. 2009).

26. Defendant Alan L. Page lied to the Plaintiff and his attorney Mr. Bruno J. Bembi, by stating that he did not know why Plaintiff was taken into custody. Defendant Unknown Staff Attorney refused to explain in the courtroom why Plaintiff was taken into custody. Instead, she promised to tell Mr. Bembi the reason Plaintiff was detained in the absence of the Plaintiff. She told Plaintiff to file a Freedom of Information to find out why he was detained. Defendant Page adjourned the proceedings until December 21, 2009.

27. On December 21, 2009, around 11am, Defendant Alan L. Page, spoke with Mr. Bruno L. Bembi in the waiting area at 201 Varick Street, New York, NY and told him that he was going deny Plaintiff's motion for custody re-determination and issue a decision. He stated that had Mr. Bembi arrived at 8.30 am he would could have announced his decision at that time and finished the matter by 8:45 am. At about 11.00am, Plaintiff was brought into the courtroom in chains into by the guards. One of Plaintiff's hands was released from his handcuffs while the other remained cuffed to the chains that encircled his waist. The courtroom was closed to the public except family members.

28. Defendant Alan L. Page began reading his decision denying Plaintiff's request to be released. No evidence was taken and Plaintiff was not allowed to speak. In short, there

11

was not hearing, Plaintiff became emotionally upset about how Defendant Page was conducting matter relating to his freedom and he interrupted Defendant Page trying to explain to him the legal basis for his request.

29. Defendant Page instructed the guard to remove Plaintiff from the courtroom. Plaintiff gave his free hand to the guard to handcuff it to the other hand, and he was led away to the holding cells. Defendant Page continued with his oral decision denying Plaintiff's motion for release. Defendant Page rescheduled Plaintiff's for next hearing date to March 22, 2010 at 8:30, beyond 90 days, without regards to Office of the Chief Immigration Judge's "Case Completion Goals" implemented May 1, 2002, which states that all detained cases without application for relief shall be completed within 30 days.

30. Based on Defendants' actions and information provided by Defendants, Mr. Christopher Connolly AUSA, declared under penalty of perjury in a "RETURN" and "Respondent's memorandum of law" submitted before a habeas court in the United States District Court for the Southern District of New York Case No. 09 Civ.10513 (LAK), that "On November 18, 2009, ICE took Bazuaye back into custody when he appeared for a hearing before IJ Page, who ordered him detained pursuant to INA § 236(c )". Emphasis added. Defendant Page is not authorize to order Plaintiff detain under 8 C.F.R §§ 236.1(c)(9) and 236.1(c)(11); 8 CFR §§241.4(L) and 1003.19. Reprinted in Exhibit C.

12

31. Based on Defendants' actions and information provided by Defendants and with the intent to misled a federal judicial officer in violation of 28 U.S.C. § 2243, Mr. Christopher Connolly AUSA, falsely declared under penalty of perjury in a habeas proceedings in the United States District Court for the Southern District of New York Case No. 09 Civ.10513 (LAK) that "In May 2007, ICE released Bazuaye from custody on <u>bond</u> pursuant to authority to make custody determination for post-removal-order aliens under INA § 241, 8 U.S.C. § 1231." . Plaintiff was in fact released on an order of supervision by the district director. Emphasis added. See Exhibit B

32. No charges has been filed against plaintiff under 8 U.S.C. § 1253(b) in connection with or in support of the arrest and detention to which plaintiff has been subjected as set forth herein above. During the time plaintiff has been incarcerated he has never been taken before a federal judge, nor informed of the charges relating to violation of supervised release as required by 8 U.S.C. § 1253(b) or allowed to post bail to effect his release from confinement.

33. Based on information and believe, Defendant Alan L. Page's order to detain Plaintiff was not issued as a result of any detention or removal hearing or proceeding held on November 18, 2009, because Plaintiff was already taken into custody before the November 18, 2009 hearing began.

13

34. Plaintiff is currently deprive of his liberty and suffered and continues to suffer great mental and emotional pain and distress as a result of Defendants' conducts.

## COUNT I

35. Paragraphs 1 through 34 are adopted and incorporated by reference.

36. Acting under color of federal law, Defendants intentional, negligently, and with complete and deliberate indifference for Plaintiff rights caused Plaintiff to be deprived of his constitutional rights, including but limited to those under the fourth, fifth, sixth and eight amendments by:

a. the acts of the defendants herein were done with the purpose and intent of depriving plaintiff of his right to be free from unreasonable seizure secured to him under the fourth Amendment

b. depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process of law in violation of his rights under the fifth amendment.

c. subjecting Plaintiff to incarceration and punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments, as require by 8 U.S.C. § 1253(b) which prescribe penalties for failure to comply with supervised release conditions;

14

## COUNT II

37. Paragraphs 1 through 34 are adopted and incorporated by reference.

38. Acting under color of federal law, Defendants intentionally, negligently, and with complete and deliberate indifference for Plaintiff right cause Plaintiff to be deprived of his liberty as protected by 8 U.S.C. § 1231(a)(3) and (a)(6) which allows him to be free from detention after more than six months from his initial post-final-removal-order.

## COUNT III

39. Paragraphs 1 through 34 are adopted and incorporated by reference.

40. Acting under color of federal law, Defendants intentionally, negligently, and with complete and deliberate indifference for Plaintiff right cause Plaintiff to be deprived of his right under 8 C.F.R. §§ 241.4(j) and 241(13) not to be taken into custody unless he violates conditions of his supervised release as determine by the Executive Associate Commissioner or District Director. 8 C.F.R. §§ 241.4(L).

## COUNT IV

41. Paragraphs 1 through 34 are adopted and incorporated by reference.

42. Acting under color of federal law, Defendants intentionally, negligently, and with complete and deliberate

15

indifference for Plaintiff right deprived him of liberty without due process of law.  Defendant Alan L. Page direct or indirect order to detain Plaintiff under § 1226(c) on or about November 18, 2009 is specifically prohibited by 8 CFR § 236.1(c )(11). Since Plaintiff was previously arrested and taken into custody and has been released, Defendants are prohibited from exercising any authority provided in 8 CFR §§ 236.1(c )(9) and 241.4(L) to revoke Plaintiff release and detain him. Defendant Alan L. Page direct or indirect order to detain Plaintiff under § 1226(c) on or about November 18, 2009 is not an integral part of his adjudicative acts or decisions made under 8 CFR § 1003.19, but was directed to incarcerate Plaintiff solely for the purpose of retaliating against him for the following reasons: (a) because he filed administrative complaint against Defendant Page and (b) because he successfully petitioned the Second Circuit to vacate the removal order entered against him by Defendant Page .

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

1. award to Plaintiff compensatory damages in an amount to be determined at trial, but not less than the amount of one thousand dollars ($1000.00) for each and every day Plaintiff is unlawfully detained, jointly and severally against Defendants for the matters alleged in this complaint;

16

2. award to Plaintiff punitive damages in an amount to be determined at trial against all Defendants;

3. award to Plaintiff reasonable cost and attorney cost;

4. grant such other and further relief as this court deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules Of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues

Jeromi H. Bazuaye
110 Wells Farm Rd
Goshen, NY 10924

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Goshen, New York

Date: March 1, 2010

and sworn to before me
1st day of March 2010

Notary Public

Jeromi H. Bazuaye
110 Wells Farm Rd
Goshen, NY 1092

VINCENT J. CZUBAK
Notary Public, State of New York
No. 01CZ6102072
Qualified in Sullivan County
Commission Expires November 24, 2011

17

## AFFIDAVIT OF SERVICE

I, Jeromi H. Bazuaye, being duly sworn that I am a party in this action, I served copies of the amended complaint by depositing a true copy thereof enclosed in a post-paid wrapper United States Postal Service Certified Mail, ~~in an Orange County Jail Depository Mailbox~~ within New York State, addressed to each of the following persons at the last known address set forth after each name:

Alan L. Page
United States Immigration Judge
Room 1140
201 Varick Street
New York, NY 10014.

Achilles Shinas
Deportation Officer
Room 1127
201 Varick Street,
New York, NY 10014.

Deportation Officer Garaffa
Room 1127
201 Varick Street
New York, NY 10014.

Security Officer Barrington
Ahtna Techical Services Inc
11th Floor
201 Varick Street
New York, NY 10014

Sworn to before me this

Subscribed and sworn to before me
this _____ day of _March_ _10_

_Vincent J. Czubak_
Notary Public

VINCENT J. CZUBAK
Notary Public, State of New York
No. 01CZ6102072
Qualified in Sullivan County
Commission Expires November 24, 2011

Jeromi H. Bazuaye
110 Wells Farm Rd
Goshen, NY 10924

Date: 3/1/2010

18

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

JEROMI H. BAZUAYE
                    Plaintiff,

                                        Case No. 10 Civ. 1362

        v.


ALAN L. PAGE, IMMIGRATION JUDGE, Individually,
DEPORTATION OFFICER GARAFFA, Individually,
DEPORTATION OFFICER ACHILLES SHINAS, Individually,
UNKNOWN STAFF ATTORNEY, Individually,
SECURITY OFFICER BARRINGTON, Individually,
                    Defendants

-------------------------------------------------------------------


Plaintiff's Exhibits in Support for His Amended Complaint


Date: _March 15 2010_


_____
Jeromi H. Bazuaye
110 Wells Farm Rd
Goshen, NY 10924


19

# EXHIBIT A



*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
201 Varick St    rm. 1127
New York, NY  10014

## U.S. Immigration and Customs Enforcement

A24 359 599

**BAZUAYE, Jeromi Horns**
C/O Perry County Jail
Route 2 Box 176
Uniontown, AL 36786.

### Release Notification

    Upon review of your case, ICE (Immigration & Customs Enforcement) has concluded that you may be released from our custody pending your removal from the United States. This release does not affect your removal order and does not constitute an admission to the United States.

    Your release will be subject to certain written conditions that will be provided to you shortly, and by which you must abide. A violation of one of more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond, which you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

    Prior to your release from custody, an immigration officer will verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations that may be willing to assist you upon release.

    It is particularly important that you keep ICE and the Executive Office for Immigration Review (EOIR) advised of your address at all times. In addition, you are required by law to make good faith efforts to secure a travel document on your own, and must surrender to ICE for removal if the courts final decision is to have you removed from the United States. You will, at that time, be given an opportunity to prepare for an orderly departure.

_Christopher Shanahan,_ RS

—————————————————————          05/24/07
Christopher Shanahan, Field Office Director                Date
New York, NY



# EXHIBIT B

Department of Homeland Security

U.S. Immigration and Customs Enforcement

**Order of Supervision**

File N : **A#24 359 599**

Date: May 24, 2007

Name: BAZUAYE, Jeromi

On    February 12, 2007
    (Date of final order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the U.S. Immigration and Customs Enforcement has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the U. S. Immigration and Customs Enforcement, for identification and for deportation or removal.

☒ That upon request of the U. S. Immigration and Customs Enforcement, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information the U. S. Immigration and Customs Enforcement, considers appropriate.

☒ That you do not travel outside    State of New York    for more than 48 hours without first
                                     (Specify geographic limits, if any)
having notified the U. S. Immigration and Customs Enforcement office of the dates and places of such proposed travel.

☒ That you furnish written notice to the U. S. Immigration and Customs Enforcement office of any change of residence or employment within 48 hours of such change.

☒ That you report in person    June 28, 2007 at 10:00am    to this Immigration and Customs Enforcement office at:
Hemisphere Center Routes 1&9 South Newark, NJ 07114    unless you are granted written permission to report on
another date.    973 645 3666

☒ That you assist the U. S. Immigration and Customs Enforcement, in obtaining any necessary travel documents.

☐ Other: _____

☒ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of ICE official)

Mar _____

Supervisory Deportation Officer
(Print name and title of ICE official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the (English) / Spanish language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____        X _____    5/25/07
(Signature of ICE official serving order)            (Signature of alien)                    Date

Form I-220B (Rev. 4/1/97)N

# EXHIBIT C

8 CFR § 241.4(I)


### Aliens and Nationality

(I) *Revocation of release*(1) *Violation of conditions of release* .Any alien described in paragraph (a) or (b)(1) of this section who has been released under an order of supervision or other conditions of release who violates the conditions of release may be returned to custody. Any such alien who violates the conditions of an order of supervision is subject to the penalties described in section 243(b) of the Act. Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.

(2) *Determination by the Service.* The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section. A district director may also revoke release of an alien when, in the district directors opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner. Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:

(i)   The purposes of release have been served;

(ii)  The alien violates any condition of release;

(iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or

(iv)  The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

(3) *Timing of review when release is revoked.* If the alien is not released from custody following the informal interview provided for in paragraph (I)(1) of this section, the HQPDU Director shall schedule the review process in the case of an alien whose previous release or parole from immigration custody pursuant to a decision of either the district director, Director of the Detention and Removal Field Office, or Executive Associate Commissioner under the procedures in this section has been or is subject to being revoked. The normal review process will commence with notification to the alien of a records review and scheduling of an interview, which will ordinarily be expected to occur within approximately three months after release is revoked. That custody review will include a final evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release. Thereafter, custody reviews will be conducted annually under the provisions of paragraphs (i), (j), and (k) of this section.

### Legislative History

[62 FR 10312, Mar. 6, 1997, as amended at 65 FR 80281, Dec. 21, 2000; 66 FR 56967, Nov. 14, 2001; 67 FR 39255, June 7, 2002; 70 FR 661, Jan. 5, 2005]

## PART 236 APPREHENSION AND DETENTION OF INADMISSIBLE AND DEPORTABLE ALIENS; REMOVAL OF ALIENS ORDERED REMOVED

Authority: 5 U.S.C. 301, 552, 552a; 8 U.S.C. 1103, 1182, 1224, 1225, 1226, 1227, 1231, 1362; 18 U.S.C. 4002, 4013(c)(4); 8 CFR part 2.

### 236.1 Apprehension, custody, and detention.

(a) *Detainers.*

The issuance of a detainer under this section shall be governed by the provisions of 287.7 of this chapter.

(b) *Warrant of arrest.*(1) *In general.*At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under theauthority of Form I-200, Warrant of Arrest. A warrant of arrest may be issued only by those immigration officers listed in 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in 287.5(e)(3) of this chapter.

(2) If, after the issuance of a warrant of arrest, a determination is made not to serve it, any officer authorized to issue such warrant may authorize its cancellation.

(c) *Custody issues and release procedures.*(1) *In general.*(i)   After the expiration of the Transition Period Custody Rules (TPCR) set forth in section 303(b)(3) of Div. C of Pub. L. 104-208, no alien described in section 236(c)(1) of the Act may be released from custody during removal proceedings except pursuant to section 236(c)(2) of the Act.

(ii) Paragraph (c)(2) through (c)(8) of this section shall govern custody determinations for aliens subject to the TPCR while they remain in effect. For purposes of this section, an alien subject to the TPCR is an alien described in section 303(b)(3)(A) of Div. C of Pub. L. 104-208 who is in deportation proceedings, subject to a final order of deportation, or in removal proceedings. The TPCR do not apply to aliens in exclusion proceedings under former section 236 of the Act, aliens in expedited removal proceedings under section 235(b)(1) of the Act, or aliens subject to a final order of removal.

(2) *Aliens not lawfully admitted.*Subject to paragraph (c)(6)(i) of this section, but notwithstanding any other provision within this section, an alien subject to the TPCR who is not lawfully admitted is not eligible to be considered for release from custody.

(i) An alien who remains in status as an alien lawfully admitted for permanent residence, conditionally admitted for permanent residence, or lawfully admitted for temporary residence is lawfully admitted for purposes of this section.

(ii) An alien in removal proceedings, in deportation proceedings, or subject to a final order of deportation, and not described in paragraph (c)(2)(i) of this section, is not lawfully admitted for purposes of this section unless the alien last entered the United States lawfully and is not presently an applicant for admission to the United States.

(3) *Criminal aliens eligible to be considered for release.*Except as provided in this section, or otherwise provided by law, an alien subject to the TPCR may be considered for release from

1

custody if lawfully admitted. Such an alien must first demonstrate, by clear and convincing evidence, that release would not pose a danger to the safety of other persons or of property. If an alien meets this burden, the alien must further demonstrate, by clear and convincing evidence, that the alien is likely to appear for any scheduled proceeding (including any appearance required by the Service or EOIR) in order to be considered for release in the exercise of discretion.

(4) *Criminal aliens ineligible to be considered for release except in certain special circumstances.*An alien, other than an alien lawfully admitted for permanent residence, subject to section 303(b)(3)(A) (ii) or (iii) of Div. C. of Pub. L. 104-208 is ineligible to be considered for release if the alien:

(i)   Is described in section 241(a)(2)(C) of the Act (as in effect prior to April 1, 1997), or has been convicted of a crime described in section 101(a)(43)(B), (E)(ii) or (F) of the Act (as in effect on April 1, 1997);

(ii)  Has been convicted of a crime described in section 101(a)(43)(G) of the Act (as in effect on April 1, 1997) or a crime or crimes involving moral turpitude related to property, and sentenced therefor (including in the aggregate) to at least 3 years imprisonment;

(iii) Has failed to appear for an immigration proceeding without reasonable cause or has been subject to a bench warrant or similar legal process (unless quashed, withdrawn, or cancelled as improvidently issued);

(iv)  Has been convicted of a crime described in section 101(a)(43)(Q) or (T) of the Act (as in effect on April 1, 1997);

(v)   Has been convicted in a criminal proceeding of a violation of section 273, 274, 274C, 276, or 277 of the Act, or has admitted the factual elements of such a violation;

(vi)  Has overstayed a period granted for voluntary departure;

(vii) Has failed to surrender or report for removal pursuant to an order of exclusion, deportation, or removal;

(viii) Does not wish to pursue, or is statutorily ineligible for, any form of relief from exclusion, deportation, or removal under this chapter or the Act; or

(ix)  Is described in paragraphs (c)(5)(i)(A), (B), or (C) of this section but has not been sentenced, including in the aggregate but not including any portions suspended, to at least 2 years imprisonment, unless the alien was lawfully admitted and has not, since the commencement of proceedings and within the 10 years prior thereto, been convicted of a crime, failed to comply with an order to surrender or a period of voluntary departure, or been subject to a bench warrant or similar legal process (unless quashed, withdrawn, or cancelled as improvidently issued). An alien eligible to be considered for release under this paragraph must meet the burdens described in paragraph (c)(3) of this section in order to be released from custody in the exercise of discretion.

2

(5) *Criminal aliens ineligible to be considered for release.*(i)  A criminal alien subject to section 303(b)(3)(A)(ii) or (iii) of Div. C of Pub. L. 104-208 is ineligible to be considered for release if the alien has been sentenced, including in the aggregate but not including any portions suspended, to at least 2 years imprisonment, and the alien

(A)  Is described in section 237(a)(2)(D)(i) or (ii) of the Act (as in effect on April 1, 1997), or has been convicted of a crime described in section 101(a)(43)(A), (C), (E)(i), (H), (I), (K)(iii), or (L) of the Act (as in effect on April 1, 1997);

(B)  Is described in section 237(a)(2)(A)(iv) of the Act; or

(C)  Has escaped or attempted to escape from the lawful custody of a local, State, or Federal prison, agency, or officer within the United States.

(ii)  Notwithstanding paragraph (c)(5)(i) of this section, a permanent resident alien who has not, since the commencement of proceedings and within the 15 years prior thereto, been convicted of a crime, failed to comply with an order to surrender or a period of voluntary departure, or been subject to a bench warrant or similar legal process (unless quashed, withdrawn, or cancelled as improvidently issued), may be considered for release under paragraph (c)(3) of this section.

(6) *Unremovable aliens and certain long-term detainees.*(i)  If the district director determines that an alien subject to section 303(b)(3)(A)(ii) or (iii) of Div. C of Pub. L. 104-208 cannot be removed from the United States because the designated country of removal or deportation will not accept the aliens return, the district director may, in the exercise of discretion, consider release of the alien from custody upon such terms and conditions as the district director may prescribe, without regard to paragraphs (c)(2), (c)(4), and (c)(5) of this section.

(ii)  The district director may also, notwithstanding paragraph (c)(5) of this section, consider release from custody, upon such terms and conditions as the district director may prescribe, of any alien described in paragraph (c)(2)(ii) of this section who has been in the Services custody for six months pursuant to a final order of deportation terminating the aliens status as a lawful permanent resident.

(iii)  The district director may release an alien from custody under this paragraph only in accordance with the standards set forth in paragraph (c)(3) of this section and any other applicable provisions of law.

(iv)  The district directors custody decision under this paragraph shall not be subject to redetermination by an immigration judge, but, in the case of a custody decision under paragraph (c)(6)(ii) of this section, may be appealed to the Board of Immigration Appeals pursuant to paragraph (d)(3)(iii) of this section.

(7) *Construction.*A reference in this section to a provision in section 241 of the Act as in effect prior to April 1, 1997, shall be deemed to include a reference to the corresponding provision in section 237 of the Act as in effect on April 1, 1997. A reference in this section to a crime shall be considered to include a reference to a conspiracy or attempt to commit such a crime. In

3

calculating the 10-year period specified in paragraph (c)(4) of this section and the 15-year period specified in paragraph (c)(5)of this section, no period during which the alien was detained or incarcerated shall count toward the total. References in paragraph (c)(6)(i) of this section to the district director shall be deemed to include a reference to any official designated by the Commissioner to exercise custody authority over aliens covered by that paragraph. Nothing in this part shall be construed as prohibiting an alien from seeking reconsideration of the Services determination that the alien is within a category barred from release under this part.

(8)  Any officer authorized to issue a warrant of arrest may, in the officers discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding. Such an officer may also, in the exercise of discretion, release an alien in deportation proceedings pursuant to the authority in section 242 of the Act (as designated prior to April 1, 1997), except as otherwise provided by law.

(9)  When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

(10)  The provisions of 103.6 of this chapter shall apply to any bonds authorized. Subject to the provisions of this section, the provisions of 3.19 of this chapter shall govern availability to the respondent of recourse to other administrative authority for release from custody.

(11)  An immigration judge may not exercise the authority provided in this section, and the review process described in paragraph (d) of this section shall not apply, with respect to any alien beyond the custody jurisdiction of the immigration judge as provided in 3.19(h) of this chapter.

(d) *Appeals from custody decisions.*(1) *Application to immigration judge.*After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act (or section 242(a)(1) of the Act as designated prior to April 1, 1997 in the case of an alien in deportation proceedings) to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in 3.19 of this chapter. If the alien has been released from custody, an application for amelioration of the terms of release must be filed within 7 days of release.

(2) *Application to the district director.*After expiration of the 7-day period in paragraph (d)(1) of this section, the respondent may request review by the district director of the conditions of his or her release.

(3) *Appeal to the Board of Immigration Appeals.*An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals in the following circumstances:

4

(i)  In accordance with Sec. 3.38 of this chapter, the alien or the Service may appeal the decision of an immigration judge pursuant to paragraph (d)(1) of this section.

(ii)  The alien, within 10 days, may appeal from the district directors decision under paragraph (d)(2)(i) of this section.

(4) *Effect of filing an appeal.*The filing of an appeal from a determination of an immigration judge or district director under this paragraph shall not operate to delay compliance with the order (except as provided in 3.19(i)), nor stay the administrative proceedings or removal.

(e) *Privilege of communication.*Every detained alien shall be notified that he or she may communicate with the consular or diplomatic officers of the country of his or her nationality in the United States. Existing treaties with the following countries require immediate communication with appropriate consular or diplomatic officers whenever nationals of the following countries are detained in removal proceedings, whether or not requested by the alien and even if the alien requests that no communication be undertaken in his or her behalf. When notifying consular or diplomatic officials, Service officers shall not reveal the fact that any detained alien has applied for asylum or withholding of removal.

Algeria 1

Antigua and Barbuda

Armenia

Azerbaijan

Bahamas, The

Barbados

Belarus

Belize

Brunei

Bulgaria

China (Peoples Republic of) 2

Costa Rica

Cyprus

Czech Republic

5

Dominica

Fiji

Gambia, The

Georgia

Ghana

Grenada

Guyana

Hong Kong 3

Hungary

Jamaica

Kazakhstan

Kiribati

Kuwait

Kyrgyzstan

Malaysia

Malta

Mauritius

Moldova

Mongolia

Nigeria

Philippines

Poland 4

Romania

Russian Federation

St. Kitts and Nevis

St. Lucia

St. Vincent/Grenadines

Seychelles

Sierra Leone

Singapore

Slovak Republic

Tajikistan

Tanzania

Tonga

Trinidad and Tobago

Tunisia

Turkmenistan

Tuvalu

Ukraine

United Kingdom 5

U.S.S.R. 6

Uzbekistan

Zambia

Zimbabwe

7

(f) *Notification to Executive Office for Immigration Review of change in custody status.*The Service shall notify the Immigration Court having administrative control over the Record of Proceeding of any change in custody location or of release from, or subsequent taking into, Service custody of a respondent/applicant pursuant to 3.19(g) of this chapter.

(g) *Notice of custody determination.*(1) *In general.*At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, an immigration official may issue a Form I-286, Notice of Custody Determination. A notice of custody determination may be issued by those immigration officials listed in 8 CFR 287.5(e)(2) and may be served by those immigration officials listed in 8 CFR 287.5(e)(3), or other officers or employees of the Department or the United States who are delegated the authority to do so pursuant to 8 CFR 2.1.

(2) *Cancellation.*If after the issuance of a notice of custody determination, a determination is made not to serve it, any official authorized to issue such notice may authorize its cancellation.

## Legislative History

[42 FR 46045, Sept. 14, 1977; 62 FR 10312, March 6, 1997, as corrected and amended at 62 FR 15362, 15363, April 1, 1997; 63 FR 27441, 27449, May 19, 1998; 65 FR 80281, Dec. 21, 2000; 70 FR 67087, Nov. 4, 2005; 72 FR 1923, Jan. 17, 2007]

## 8 CFR § 1003.19 Custody/bond.

(a) Custody and bond determinations made by the service pursuant to 8 CFR part 1236 of this chapter may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236 of this chapter.

(b) Application for an initial bond redetermination by a respondent, or his or her attorney or representative may be made orally, in writing, or, at the discretion of the Immigration Judge, by telephone.

(c) Applications for the exercise of authority to review bond determinations shall be made to one of the following offices, in the designated order:

(1) If the respondent is detained, to the Immigration Court having jurisdiction over the place of detention;

(2) To the Immigration Court having administrative control over the case; or

(3) To the Office of the Chief Immigration Judge for designation of an appropriate Immigration Court.

(d) Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding. The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service.

(e) After an initial bond redetermination, an aliens request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the aliens circumstances have changed materially since the prior bond redetermination.

(f) The determination of an Immigration Judge with respect to custody status or bond redetermination shall be entered on the appropriate form at the time such decision is made and the parties shall be informed orally or in writing of the reasons for the decision. An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to section 3.38.

(g) While any proceeding is pending before the Executive Office for Immigration Review, the Service shall immediately advise the Immigration Court having administrative control over the Record of Proceeding of a change in the respondent/applicants custody location or of release from Service custody, or subsequent taking into Service custody, of a respondent/applicant. This notification shall be in writing and shall state the effective date of the change in custody location or status, and the respondent/applicants current fixed street address, including zip code.

(h)  (1)  (i)  While the Transition Period Custody Rules (TPCR) set forth in section 303(b)(3) of Div. C of Pub. L. 104-208 remain in effect, an immigration judge may not redetermine conditions of custody imposed by the Service with respect to the following classes of aliens:

(A)  Aliens in exclusion proceedings;

(B)  Arriving aliens in removal proceedings, including persons paroled after arrival pursuant to section 212(d)(5) of the Act;

(C)  Aliens described in section 237(a)(4) of the Act;

(D)  Aliens subject to section 303(b)(3)(A) of Pub. L. 104-208 who are not lawfully admitted (as defined in 1236.1(c)(2) of this chapter); or

(E)  Aliens designated in 1236.1(c) of this chapter as ineligible to be considered for release.

(ii)  Nothing in this paragraph shall be construed as prohibiting an alien from seeking a redetermination of custody conditions by the Service in accordance with part 1235 or 1236 of this chapter. In addition, with respect to paragraphs (h)(1)(i)(C), (D), and (E) of this section, nothing in this paragraph shall be construed as prohibiting an alien from seeking a determination by an immigration judge that the alien is not properly included within any of those paragraphs.

(2)  (i)  Upon expiration of the Transition Period Custody Rules set forth in section 303(b)(3) of Div. C. of Pub. L. 104-208, an immigration judge may not redetermine conditions of custody imposed by the Service with respect to the following classes of aliens:

(A)  Aliens in exclusion proceedings;

(B)  Arriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act;

(C)  Aliens described in section 237(a)(4) of the Act;

(D)  Aliens in removal proceedings subject to section 236(c)(1) of the Act (as in effect after expiration of the Transition Period Custody Rules); and

(E)  Aliens in deportation proceedings subject to section 242(a)(2) of the Act (as in effect prior to April 1, 1997, and as amended by section 440(c) of Pub. L. 104-132).

(ii) Nothing in this paragraph shall be construed as prohibiting an alien from seeking a redetermination of custody conditions by the Service in accordance with part 1235 or 1236 of this chapter. In addition, with respect to paragraphs (h)(2)(i)(C), (D), and (E) of this section, nothing in this paragraph shall be construed as prohibiting an alien from seeking a determination by an immigration judge that the alien is not properly included within any of those paragraphs.

(3) Except as otherwise provided in paragraph (h)(1) of this section, an alien subject to section 303(b)(3)(A) of Div. C of Pub. L. 104-208 may apply to the Immigration Court, in a manner consistent with paragraphs (c)(1) through (c)(3) of this section, for a redetermination of custody conditions set by the Service. Such an alien must first demonstrate, by clear and convincing evidence, that release would not pose a danger to other persons or to property. If an alien meets this burden, the alien must further demonstrate, by clear and convincing evidence, that the alien is likely to appear for any scheduled proceeding or interview.

(4) Unremovable aliens. A determination of a district director (or other official designated by the Commissioner) regarding the exercise of authority under section 303(b)(3)(B)(ii) of Div. C. of Pub. L. 104-208 (concerning release of aliens who cannot be removed because the designated country of removal will not accept their return) is final, and shall not be subject to redetermination by an immigration judge.

(i) *Stay of custody order pending appeal by the government*

(1) *General discretionary stay authority.*The Board of Immigration Appeals (Board) has the authority to stay the order of an immigration judge redetermining the conditions of custody of an alien when the Department of Homeland Security appeals the custody decision or on its own motion. DHS is entitled to seek a discretionary stay (whether or not on an emergency basis) from the Board in connection with such an appeal at any time.

(2) *Automatic stay in certain cases.*In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHSs filing of a notice of intent to appeal the custody redetermination (Form EOIR-43) with the immigration court within one business day of the order, and, except as otherwise provided in 8 CFR 1003.6(c), shall remain in abeyance pending decision of the appeal by the Board. The decision whether or not to file Form EOIR-43 is subject to the discretion of the Secretary.

## Legislative History

[Redesignated and amended 57 FR 11568, Apr. 6, 1992, as amended by 60 FR 34089, June 30, 1995; 62 FR 10312, Mar. 6, 1997; 63 FR 27441, May 19, 1998; 66 FR 54909, Oct. 31, 2001. Redesignated at 68 FR 9824, Feb. 28, 2003, as amended at 70 FR 4743, Jan. 31, 2005. CROSS REFERENCE: This section was formerly 3.19. Amended at 68 FR 10349, Mar. 5, 2003; 71 FR 57873, Oct. 2, 2006.]

# EXHIBIT D

Jeromi H. **Bazuaye**, Petitioner, v. Michael B. Mukasey,** Respondent.
UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
273 Fed. Appx. 77;2008 U.S. App. LEXIS 7857
No. 07-0767-ag
April 11, 2008, Decided

**Notice:**

PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

Editorial Information: Prior History

A24 359 599. BIA. Petition for review from the Board of Immigration Appeals ("BIA").

**Counsel**

For Petitioner: ANNE SMALL, Wilmer Cutler Pickering Hale and Dorr LLP (Bruno Joseph Bembi, Hempstead, New York, on the brief), New York, New York.

For Respondent: ANDREW C. MACLACHLAN, Office of Immigration Litigation, U.S. Department of Justice (David V. Bernal, Assistant Director, Office of Immigration Litigation, on the brief), for Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Washington, D.C.

**Judges:** Present: HON. SONIA SOTOMAYOR, HON. REENA RAGGI, Circuit Judges. HON. CAROL BAGLEY AMON,* District Judge.

**Opinion**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review of the decision of the BIA is GRANTED, the order of removal is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Jeromi H. **Bazuaye** ("**Bazuaye**"), a citizen of Nigeria, seeks review of a February 12, 2007 decision by the BIA affirming a May 1, 2006 order by Immigration Judge ("IJ") Alan L. Page (1) ordering **Bazuaye** removed on the ground that he had committed an aggravated felony, and (2) denying Bauzuaye's request for relief under section 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h). *In re* **Bazuaye**, No. A24 359 599 (B.I.A. Feb. 12, 2007), *aff'g* No. A24 459 599 (Immig. Ct. N.Y. City. May 1, 2006). We assume the {273 Fed. Appx. 78} parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the IJ's decision and supplements it, we review the IJ's decision as supplemented by the BIA. *Niang v. Mukasey*, 511 F.3d 138, 145 (2d Cir. 2007). Although we generally accord substantial deference to the BIA's reasonable interpretation of the INA, a statute that the BIA administers, no such deference is warranted where, as in this case, the challenged BIA decision interprets state law. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). We review such decisions *de novo*. *Id*. Further, "[i]n deciding whether a crime of conviction fits within the definitions of aggravated felony outlined in § 1101(a)(43), this Court has adopted a categorical approach, focusing on the elements of the offense of conviction without regard to the factual circumstances of the crime."

*Kamagate v. Ashcroft*, 385 F.3d 144, 152 (2d Cir. 2004). Here, the BIA found **Bazuaye** removable for having committed an aggravated felony known as an attempted "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G) and (U). In his petition for review, **Bazuaye** contends, *inter alia*, that his state conviction for attempted grand larceny in the third degree does not categorically match a "theft offense" because New York law defines larceny in a variety of ways, encompassing some offenses that involve theft as well as some that involve fraud and deceit. *See* N.Y. Penal Law § 155.05. **Bazuaye** claims that the statute under which he was convicted, N.Y. Penal Law § 155.35, is divisible. *See Dickson v. Ashcroft*, 346 F.3d 44, 48 (defining a "divisible statute" as one that "encompasses diverse classes of criminal acts--some of which would categorically be grounds for removal and others of which would not"). Further, **Bazuaye** maintains that if his conviction includes both theft and fraud, we should adhere to the reasoning of the Third Circuit in *Nugent v. Ashcroft*, 367 F.3d 162 (3d Cir. 2004), and apply the requirements of § 1101(a)(43)(G) and § 1101(a)(43)(M)(i) (offense involving fraud or deceit) to any such hybrid offense. *Id.* at 176.

Subsequent to the BIA's order of removal, the agency modified its view on what constitutes a "theft offense" under § 1101(a)(43)(G). *See Matter of Liduina de Fatima Garcia-Madruga*, 24 I. & N. Dec. 436 (BIA 2008). After reviewing the Third Circuit's decision in *Nugent* and the Fourth Circuit's decision in *Soliman v. Gonzales*, 419 F.3d 276 (4th Cir. 2005), the BIA concluded that "the offenses described in sections 101(a)(43)(G) and (M)(i) of the [Immigration and Nationality] Act ordinarily involve distinct crimes." 24 I. & N. at 440. The BIA explained: "Whereas the taking of property *without consent* is required for a section 101(a)(43)(G) 'theft offense,' a section 101(a)(43)(M)(i) 'offense that involves fraud or deceit' ordinarily involves the taking or acquisition of property with consent that has been fraudulently obtained." *Id.* Under this standard, the BIA held that an alien's state conviction for welfare fraud was not an aggravated felony under § 1101(a)(43)(G). *Id.* at 441.

In light of the agency's recent clarification, we question how it could sustain Bazuaye's order of removal. If N.Y. Penal Law § 155.35 criminalizes the taking of property both with and without consent, Bazuaye's offense does not categorically fit within the BIA's amended definition of a "theft offense." 1 *See Dalton v. Ashcroft*, {273 Fed. Appx. 79} 257 F.3d 200, 204 (2d Cir. 2001). Even assuming that N.Y. Penal Law § 155.35 is divisible, under a modified categorical approach the BIA must determine whether **Bazuaye** was convicted of a specific subsection of larceny that constitutes a "theft offense" as that term is now interpreted. *See Dickson*, 346 F.3d at 48-49. As **Bazuaye** observes, however, his charging papers and similar documents in the state court fail to identify under which subpart of the larceny statute he was convicted, much less contain any admission that he attempted to take property without the consent of its owner. *See id.* ("In reviewing a conviction under a divisible statute, the categorical approach permits reference to the record of conviction for the limited purpose of determining whether the alien's conviction was under the branch of the statute that permits removal."). 2

Nevertheless, because this case turns in substantial part on the BIA's definition of a "theft offense," we conclude that the best course is to remand this petition for the agency to have the opportunity to consider in the first instance whether **Bazuaye** is removable in light of *Matter of Liduina de Fatima Garcia-Madruga. See INS v. Orlando Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). Upon remand, we urge the BIA to consider both our recent precedent explaining the parameters of the categorical and modified categorical approaches, *see Wala*, 511 F.3d 102; *Dulal-Whiteway v. Dep't of Homeland Sec.*, 501 F.3d 116 (2d Cir. 2007), and, should it deem necessary, the IJ's finding that **Bazuaye** was removable for having committed two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii).

Insofar as **Bazuaye** argues that the BIA erred in denying his request for discretionary relief under INA §§ 212(c) and 212(h), we need not reach the merits of this claim because the BIA's decision was

---

Immigration Cases Disc 1

premised on Bazuaye's removability for having committed an aggravated felony--the issue for which we are remanding this case. Further, to the extent **Bazuaye** raises additional claims in favor of terminating his removal proceedings, we need not decide whether these arguments furnish additional grounds for vacating the BIA's removal order.

For the reasons discussed, we GRANT the petition for review, VACATE the BIA's removal order, and REMAND to the BIA for further proceedings consistent with this order. The pending motion for a stay of removal is therefore DENIED as moot.

### Footnotes

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

*

1

We caution that we express no opinion as to the validity of the BIA's decision in *In re Garcia-Madruga*, 24 I. & N. Dec. 436, or to whether it is the kind of decision to which *Chevron* deference is due, *see Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837, 842-43, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984).

2

The BIA has evinced some disagreement with *Dickson*. *See In re Babaisakov*, 24 I. & N. Dec. 306, 319-20 (BIA 2007) (noting that factual narratives in presentence reports, which this Court held in *Dickson* were not part of a petitioner's record of conviction for immigration purposes, can be considered in certain circumstances). We again express no opinion as to the validity of the BIA's decision, or to whether *Chevron* deference is due.

# EXHIBIT E



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

_____

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

BAZUAYE, JEROMI HORNS
A# 024-359-599
RT 2, BOX 176, HWY 80
UNIONTOWN, AL 36788

U.S. DHS, Litigation Unit/N 'D
201 Varick, Rm. 1130
New York, NY 10014

Name: BAZUAYE, JEROMI HORNS                    A024-359-599

<u>D</u>ate of this notice: 3/9/2009

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    Greer, Anne J.
    Holmes, David B.
    Pauley, Roger

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia  22041

---

File:   A024 359 599 - New York, NY                     Date:        MAR - 9 2009

In re: JEROMI HORNS BAZUAYE a.k.a. Bradley Cain a.k.a. Joromi Bazuaye

IN REMOVAL PROCEEDINGS

APPEAL and MOTION

ON BEHALF OF RESPONDENT:    Pro se

CHARGE:

> Notice:  Sec.    237(a)(2)(A)(i), I&N Act [8 U.S.C. § 1227(a)(2)(A)(i)] -
> Convicted of crime involving moral turpitude

> Lodged:  Sec.    237(a)(2)(A)(ii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(ii)] -
> Convicted of two or more crimes involving moral turpitud

>         Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)]
> Convicted of aggravated felony under section 101(a)(43)(N )(i)

>         Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)]
> Convicted of aggravated felony under sections 101(a)(43)( i) and (U)

APPLICATION:  Termination, adjustment of status under section 245(a) with 21 (c) waiver or
212(h) waiver

     This case is before us instantly pursuant to a stipulation to remand from the Uni ed States Court
of Appeals for the Second Circuit.  The case was before us initially on July 30, 2003, when we
ordered, *inter alia*, that the removal proceedings against the respondent be reinstate and the record
remanded for further proceedings.  On December 8, 2006, we vacated our Octobe 6, 2006, order
dismissing the respondent's appeal and denying his motion. In the December 8, 200 , interim order,
we determined that the respondent may not have received a complete copy of the tra script from the
removal proceedings.  Thus, we ordered that the respondent be provided the neces ary documents
and the briefing schedule be reset.   The respondent provided a new brief ( 1 appeal after
the December 2006 interim order and incorporated the arguments from his July 2006 brief and
motion.[1]

---

[1] In a July 2006 filing, the respondent moved the Board to "strike" the Departmei t of Homeland
Security's (DHS) brief on appeal.  We pointed out that there was an omission in tl e transcription
process, such that neither party initially received a copy of the transcript for the p oceedings that
occurred on March 15, March 27, and April 24, 2006. Because of this error, the Joard reset the
(continued...)

A024 359 599

The respondent was convicted in 1992 for the offense of "possesses with inte t to defraud 15 or more counterfeit or unauthorized access devices in an activity affecting interst: e commerce," in violation of 18 U.S.C. § 1029(a)(3), for which he was sentenced to 37 months imp isonment (Group Exh. 2 at Tab F). In 1997, the respondent was convicted of the offense of attem; ed grand larceny in the third degree in violation of N.Y. PENAL LAW §§ 110, 155.35, for which he was sentenced to 1⅓ to 4 years imprisonment. (Group Exh. 2 at Tab D).

In a February 12, 2007, decision we found that the Immigration Judge pr perly denied the respondent's motion to terminate.[2] Contrary to the respondent's assertions, th : earlier removal proceedings did not and could not reach the merits of the case. As the Immigrat on Judge pointed out, the earlier removal proceedings were terminated because the prior Immigratio Judge found that the merits could not be reached until the procedural prerequisite of rescinding the respondent's adjustment of status had been completed. Thus, *res judicata* does not app y to the instant proceedings because the matters were not and could not have been adjudicated )efore rescission occurred. *See St. Pierre v. Dyer*, 208 F.3d 394, 399-400 (2d Cir. 2000).

We further pointed out that to the extent the respondent contended the Immigr. tion Judge could not consider evidence submitted during the 2005 and 2006 portions of the removal | :oceedings, such an assertion is without merit because our July 2003 remand was for further proce dings, including the submission of additional evidence. As to the merits of the respondent's appeal we affirmed the reasoning and the outcome of the May 1, 2006, written Immigration Judge dec sion finding the respondent removable as having committed an aggravated felony known as ar attempted theft offense under sections 101(a)(43)(G) and (U) of the Immigration and Nationali y Act (the Act), 8 U.S.C. §§ 1101(a)(43)(G) and (U). The respondent argued that his offense of attempted grand larceny was not an aggravated felony because the minimum sentence that could ha e been imposed was less than a year. Section 101(a)(43)(G) looks, however, to the actual sentence 1 iat was imposed and not to any possible minimum. Because the respondent was sentenced t( 1⅓ to 4 years imprisonment, the term of imprisonment of at least 1 year is satisfied.

We also found no merit to the respondent's argument that his conviction for .ttempted grand larceny is not an aggravated felony under section 101(a)(43)(G) of the Act becau; : the loss to the victim was not over $10,000 and the offense does not categorically constitute a th ft offense since

---

[1] (...continued)
briefing schedule after the parties received the complete transcript. DHS filed a ti: iely brief based on the reset briefing schedule. The fact that DHS did not file a brief pursuant to th initial briefing schedule did not warrant "striking" its timely brief filed under the reset briefing sch dule. Thus, we denied the respondent's motion to strike DHS's brief on appeal.

[2] The respondent alleged pages 12 and 13 of his brief filed July 6, 2006 (whi h relate to the termination issue) were not in the record and that we may have rendered a deci ion in the case without benefit of those pages. Notwithstanding the fact that the October 6, 2006, or er was vacated, a review of the record reveals that all pages of the respondent's July 2006 brief are included in the record and were considered in the February 2007 decision.

2

A024 359 599

the statute includes aiding and abetting offenses. In conflating the requirements of sections 101(a)(43)(G) and (M), the respondent relies on a case from the United State Court of Appeals of the Third Circuit (the instant appeal arises in the United States Court of Appeals for the Second Circuit) that discusses a Pennsylvania statute addressing theft by deception or fraud. We also find no merit in the respondent's categorical argument because in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), the United State Supreme Court held that theft offenses include aiding and abetting theft offenses. In addition, we affirmed the Immigration Judge's order denying the respondent's request for relief under section 212(h) of the Act, 8 U.S.C. § 1182(h), because the respondent has been convicted of an aggravated felony known as a theft offense.

In light of the above, we did not need to address whether the Immigration Judge erred in finding the respondent ineligible for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (repealed 1996) for his 1992 conviction and, by extension, that he was removable for having committed two crimes involving moral turpitude under section 237(a)(2)(A)(ii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(ii). We pointed out that, even if the respondent were found eligible for and was granted such relief, it would not affect his removability for having committed an aggravated felony known as an attempted theft offense or the Immigration Judge's decision to order the respondent removed to Nigeria.

The matter is now before us pursuant to an April 11, 2008, summary order from the United States Court of Appeals for the Second Circuit vacating the order of removal and remanding the case to us for further proceedings consistent with the summary order. The Second Circuit requests that we reconsider the matter in light of an intervening Board case, *Matter of Garcia-Madruga*, 24 I&N Dec. 436 (BIA 2008, 520 F.3d 125 (2d Cir. 2008). *Garcia-Madruga, supra*, provides an amended discussion of what offenses fall under sections 101(a)(43)(G) and (M)(i) of the Act, 8 U.S.C. § 1101(a)(43)(G), (M)(i). Because of the Board's recent analysis in *Garcia-Madruga*, the Second Circuit queries how we now could sustain a theft offense charge of removability if his respondent's conviction under N.Y. PENAL CODE § 155.35 does not fit within our amended definition of a "theft offense." The court also asks that we consider, if we deem it necessary, the Immigration Judge's finding regarding the respondent's commission of two crimes involving moral turpitude.

Section 155.35 of the New York Penal Law defines a categorical "theft offense" within the meaning of section 101(a)(43)(G) of the Act only if all offenses punishable under that statute necessarily involve the taking of, or exercise of control over, property without consent and with the criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent. *Matter of Garcia-Madruga*, 24 I&N Dec. 436, 440-41 (BIA 2008). Section 155.35 provides in its entirety that "[a] person is guilty of grand larceny in the third degree when he steals property and when the value of the property exceeds three thousand dollars," while section 155.05(1) explains that "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." As section 155.05(2) delineates, larceny or stealing may be committed in many different ways, including:

> (a) By conduct heretofore defined or known as common law larceny by trespassory taking, common law larceny by trick, embezzlement, or obtaining property by false pretenses;

3

A024 359 599

(b) By acquiring lost property.
A person acquires lost property when he exercises control over property c another which he knows to have been lost or mislaid, or to have been delivered under a mistake as to the identity of the recipient or the nature or amount of the property, without taking reasonable measures to return such property to the owner;
(c) By committing the crime of issuing a bad check . . . ;
(d) By false promise.
A person obtains property by false promise when, pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or imp ied, that he or a third person will in the future engage in particular conduct, and whe the does not intend to engage in such conduct or, as the case may be, does not belie that the third person intends to engage in such conduct. . . ;
(e) By extortion. . . .

As these statutory provisions make clear, a violation of section 155.35 need not nvolve a direct, non-consensual taking of property; rather, the statute may be violated in many way that involve the *consensual* but fraudulent transfer of an interest in property, whether by embezzle nent, larceny by trick, false pretenses, false promise, or issuance of a bad check. Thus, section 155.3 does not define a categorical "theft offense," and any further judgment with respect to the responde t's removability must be made by reference to the "modified categorical approach," in which admi sible portions of the conviction record are examined to determine whether the respondent was nece sarily convicted of a generic "theft offense." Such an inquiry will necessarily involve factfinding, ind thus we will remand the record to the Immigration Judge for further consideration of the evide ce of record, for the submission of such additional evidence as the Immigration Judge deems app opriate, and for entry of a new decision. 8 C.F.R. § 1003.1(d)(3)(iv) (2008) (prohibiting the Boai I from engaging in factfinding in the course of deciding appeals and authorizing remands for additi nal factfinding).

Because we are remanding the record for further review of whether the respon ent's conviction under N.Y. Penal Law § 155.35 constitutes an aggravated felony, we decline to re iew at this time the Immigration Judge's decision regarding the respondent's commission of two crimes of moral turpitude. We will reinstate our February 2007 order except for the portion that r lates to whether the respondent's 1997 conviction constitutes a theft offense under section 101(a)( 3)(G) of the Act.

Accordingly, the following orders will be entered:

ORDER: The record is remanded for the Immigration Judge for further proce dings consistent with this order and for entry of a new decision.

ORDER: Portions of our February 2007 decision are reinstated as provided i this order.

_____
FOR THE BOARD

4

# EXHIBIT F

U.S. Department of Homeland Security                                 **Warrant for Arrest of Alien**

File No. **A024 359 599**

**Event No: VRK1011000069**

FINS #:

Date: **November 18, 2009**

**To any officer delegated authority pursuant to Section 28�34 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

Jeromi bazuaye

_____
(Full name of alien)

                                        NEW YORK, NY

an alien who entered the United States at or near _____ on

                                                        (Port)

January 13, 1982
_____ is within the country in violation of the immigration laws and is
           (Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_____
(Signature of Designated Immigration Officer)

_____
(Print name of Designated Immigration Officer)

**ACTING SDDO**

_____
(Title)

---

**Certificate of Service**

Served by me at NEW YORK, NY _____ on _Nov 18, 2009_ at _1000 HRS_ .

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

_____
(Signature of officer serving warrant)

_DEPORTATION OFFICER_
_____
(Title of officer serving warrant)

Form I-200 (Rev. 08/01/07)

U.S. Department of Homeland Security

Jeromi bazuaye

**Notice of Custody Determination**

Event No: VRK1011000069
File No: 024 359 599
Date: 1/18/2009

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of the Department of Homeland Security.
☐ released under bond in the amount of $_____
☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.
☒ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

236 ( c )

237( a )( 2 )( a )( iii )

_____
(Signature of authorized officer)

(A) SDDO
_____
(Title of authorized officer)

NEW YORK, NY
_____
(Office location)

☐ I do   ☐ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

X   Refuse to Sign   1/18/2009
_____
(Signature of respondent)            (Date)

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge      ☐ DHS Official      ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.
☐ Detain in custody of this Service.
☐ Bond amount reset to _____

☐ Release - Order of Recognizance
☐ Release - Personal Recognizance
☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 08/01/07)