UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEROMI H. BAZUAYE,

                    Plaintiff,

        - against -

ALAN L. PAGE, et. al.,

                    Defendants.
-----------------------------------------------------------X

10 Civ. 1362 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Defendants Alan L. Page, Immigration Judge, Deportation Officer Garaffa and Deportation Officer Achilles Shinas, and Security Officer Barrington, sued individually, move to dismiss Plaintiff's Amended Complaint alleging that Defendants conspired to detain him on November 18, 2009, pursuant to 8 U.S.C. §1226(c). The other named defendants have not been served.

      The only allegations in the Amended Complaint against the Defendants pertaining to Plaintiff being detained on November 18, 2009 are as follows:

1) "On or about November 18, 2009…Defendant Barrington called [Plaintiff] and led him to a room where Defendant Garaffa and other unknown ICE officials arrested and took Plaintiff into custody in blatant violation of 8 C.F.R. §§ 236.1[(c)](9) and (11) and 8 C.F.R. § 241.4 (L) [sic]."[1] (Am. Compl. at ¶ 23; See Exhibit F.)

2) "Defendant Garaffa told Plaintiff that Defendant 'Unknown Staff Attorney' told him to take Plaintiff into immigration custody. (Am. Compl. at ¶ 23.) The Amended Complaint alleges "The Acts of Defendant Unknown Staff Attorney, which are the

---

[1] 8 C.F.R. §§ 236.1(c)(9) and (11) and § 241.4(l) address the authority of immigration officials to revoke the release of aliens from detention pursuant to the immigration laws.

1

subject of this lawsuit, were undertaken in the course of her official duty." (Am. Compl. at ¶ 6.)

3) "A warrant of arrest and Notice of custody determination issued and signed by Defendant Achilles Schinas without authority under 8 C.F.R. § 236.1[(c)](11)[2] and 241.4(L) [sic][3] was served on the Plaintiff by Defendants." (Am. Comp.at ¶ 23, Ex. F) "The acts of Defendant Achilles Shinas which are the subject of this lawsuit were undertaken in the regular course of his official duty." (Am. Compl. at ¶ 7.)

4) "DHS filed additional charge of removal against Plaintiff based on his 2005 federal conviction on the ground that it constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i)." (Am. Compl., ¶ 24.) Judgment in the federal prosecution for four counts of bank fraud was entered on November 10, 2004, affirmed on April 27, 2005 with instructions to resentence, and an amended judgment was entered on September 29, 2005 requiring restitution of over $30,000 to three banks. See United States v. Bazuaye, 03 Cr. 12, Amended Judgment, September 29, 2005, ECF 81.) On July 13, 2010, this Court found that the amended judgment indicated that one of Plaintiff's victims lost over $10,000 and that therefore this conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i). Bazuaye v. Napolitano, 10 Civ. 4618, July 13, 2010 Hearing, Tr. at 18-19.

---

[2] 8 C.F.R. § 236.1(c)(11) limits the authority of an immigration judge to redetermine conditions of custody of or aliens in deportation or removal proceedings pursuant to 8 C.F.R. § 3.19(h) (now § 1003.19(h)).

[3] 8 C.F.R. § 241.4(l) governs revocations of release.

**DISCUSSION**

The Amended Complaint alleges that Defendant Shinas, named in the caption as Deportation Officer Achilles Shinas, issued and signed the warrant for Defendant's arrest on November 18, 2009 based on Plaintiff's 2005 federal conviction for bank fraud, in which restitution to Chase Bank of over $10,000 was included in the final judgment entered on September 29, 2005. (Am. Compl. at ¶¶ 23-24, Ex. F).

The Amended Complaint alleges that Defendant Garaffa took Plaintiff into custody based on the warrant signed by Defendant Shinas. (Am. Compl. at ¶ 23.) The Complaint also alleges that the acts of Defendant Garaffa which are the subject of this lawsuit were undertaken in the regular course of his official duty. (Id. at ¶ 8.) Defendant Barrington's acts as a security officer are alleged to have been undertaken in the regular course of her official duty. (Id. at ¶ 9.) She is alleged to have called Plaintiff and led him into the room where Deportation Officer Garaffa arrested him on the additional charge of removal. (Id. ¶¶ 23-29.)

Plaintiff's federal conviction for bank fraud was a separate crime from Plaintiff's New York conviction for grand larceny, for which the government had previously been seeking Plaintiff's deportation, and is an "aggravated felony" for which aliens can be deported. Bazuaye v. Napolitano, No. 10 Civ. 4618, July 13, 2010 Hearing, Tr. at 18-19. Pursuant to 8 C.F.R. § 287.5(e)(2)(xxvi), arrest warrants for immigration violations are authorized to be issued by Supervisory Detention and Deportation Officers ("SDDOs"). Accordingly, the acts of Defendant Shinas, in issuing and signing a warrant charging Plaintiff with being deportable based on his 2005 conviction of the federal crime of bank fraud, taken in the regular course of his official duties, was legal as well as an action for which he is entitled to qualified immunity. (See Am. Compl., Ex. F.) Deportation Officers are authorized under 8 C.F.R. § 287.5(c)(2)(iii) to arrest

3

aliens for felonies or immigration violations.  Accordingly, the acts of Officer Garaffa, in arresting Plaintiff based on that arrest warrant, in the regular course of his official duties, was legal as well as an action for which he is entitled to qualified immunity.  (See Am. Compl., Ex. F.)

Defendant Page, an immigration judge, is not alleged to have taken any action concerning Plaintiff on November 18, 2009 other than to adjourn the proceeding to December 21, 2009.  (Am. Compl. at ¶ 26.)  On December 21, 2009, Defendant Page denied Plaintiff's request to be released.  (Id. at ¶¶ 27-28.)  "The acts of Defendant Alan L. Page which are the subject of this lawsuit are alleged to have been undertaken in the regular course of his official duty."  (Id. at ¶ 5.)  The allegations in the Amended Complaint do not show that Defendant Page was, at any time, acting in other than a judicial capacity.  Accordingly, Page is afforded judicial immunity.  Stump v. Sparkman, 435 U.S. 355, 56 (1978).

Since the acts of Defendants Barrington, Garrafa and Shinas are alleged to have been performed in the course of their official duties and the arrest and detention of Plaintiff on the new arrest warrant was legal, the Amended Complaint does not allege any illegal action by them.  Furthermore, the allegations show that they are entitled to qualified immunity.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Accordingly the Amended Complaint is dismissed as to all Defendants.

Secondly, in its decision of July 13, 2010, this Court found in Bazuaye v. Napolitano, No. 10 Civ. 4618 (S.D.N.Y., July 13, 2010), that Petitioner's contention that he was illegally detained pursuant to 8 U.S.C. § 1226(c) on November 18, 2009 because he had been released from detention under 8 U.S.C. § 1226(c) and had not violated the conditions of that release, was not valid.  Bazuaye v. Napolitano, 10 Civ. 4618, Hearing Tr. at 17-19.  The Court found that

Bazuaye's previous detention had been based on his previous conviction under New York State Law for grand larceny. Id. On November 18, 2009, however, the warrant for his arrest and detention pursuant to Section 1226(c) was based on a subsequent federal conviction for bank fraud, in which one of the victim banks lost more than $10,000, an aggravated felony under 8 U.S.C. § 110(a)(43)(M)(i) and that accordingly his detention on November 18, 2009, was lawful. Id. at 18-19.

Since this Court entered judgment in Bazuaye v. Napolitano dismissing the petition because Bazuaye's arrest and detention was valid, Plaintiff cannot now challenge the November 2005 arrest and detention by the Defendant because he is collaterally estopped from re-litigating the same issue here. Application of American Tobacco Company, 880 F.2d 1520, 1524 (2nd Cir. 1989).

## CONCLUSION

The Amended Complaint is dismissed with prejudice as to all Defendants.

IT IS SO ORDERED.

Dated: New York, New York
December 29, 2010

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion Were Sent to:

Jeromi H. Bazuaye
*Pro Se*
Orange County Jail
110 Wells Farm Rd.
Goshen, NY 10924

Kirti Vaidya Reddy
U.S. Attorney's Office, SDNY (Chambers Street)
86 Chambers Street
New York, NY 10007
(212) 637-2751
Fax: (212) 637-2786